UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED VICTOR BARQUET,<br><br>Defendant. | CASE NO.  MJ26-322<br><br>COMPLAINT for VIOLATION<br><br>18 U.S.C. Section 922(g)(1) |

BEFORE, the Honorable S. Kate Vaughan, United States Magistrate Judge, United States District Court, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Unlawful Possession of a Firearm)**

On or about April 26, 2026, in King County, within the Western District of Washington, ALFRED VICTOR BARQUET, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

Complaint - 1
*United States v. Barquet*
USAO No. 2026R00688

   a. *Unlawful Possession of a Firearm in the First Degree,* in King County Superior Court, under case number 18-1-06746-1, dated on or about August 16, 2019;

   b. *Bank Fraud,* in the United States District Court for the Western District of Washington, under case number CR13-330 JLR, dated on or about May 12, 2014; and

   c. *Unlawful Possession of a Firearm in the First Degree,* in King County Superior Court, under case number 06-1-00375-2, dated on or about December 22, 2006;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Para Hi Cap Warthog .45 caliber semiautomatic pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT 2
**(Possession of a Firearm with Obliterated Serial Number)**

On or about April 26, 2026, in King County, within the Western District of Washington, ALFRED VICTOR BARQUET knowingly possessed a firearm, that is: a Para Hi Cap Warthog .45 caliber semiautomatic pistol, that had the manufacturer's serial number removed, obliterated, and altered, and had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(k).

The undersigned, Greg Tomlinson, complainant being duly sworn states:

I am a 30-year veteran of the Seattle Police Department (SPD). I was initially assigned as a patrol officer to the West and South Precincts and later assigned to the SPD Gang Unit as a Detective in 1999. As a detective, I investigated shootings, felony assaults, robberies, and other violent crimes. In 2005, I began serving as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) as part of their Violent Gangs Task Force. As I member of the task force, I investigated felony gun and narcotics crimes for federal prosecution. These investigations involved using confidential informants, undercover officers, and proactive street operations.

Complaint - 2
*United States v. Barquet*
USAO No. 2026R00688

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In 2015, I moved to the ATF's Crime Gun Task Force. This task force used the National Integrated Ballistic Information Network (NIBIN) system to forensically connect crime scenes involving firearms to assist in the identification of suspects. The task force would then locate and arrest these suspects. In 2019, I was assigned to the SPD Gun Violence Reduction Unit where I continued to investigate shootings and other firearm related crimes. In 2022, I was selected to be a member of the United States Marshal's Service Northwest Fugitive Apprehension Team. This task force has the responsibility of locating and arresting wanted federal and state fugitives.

I have written dozens of search warrants for firearms, cell phones, vehicles, and residences in furtherance of criminal investigations and have recovered useful information and evidence from these warrants in the past. I am familiar with firearms and have investigated numerous crimes involving firearms, including assaults, robberies, harassment, and unlawful possession.

This affidavit is made based upon my personal knowledge, training, experience, and investigation, as well as upon information provided to me and my review of reports prepared by other law enforcement personnel. This affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include every fact known to me concerning this investigation.

## SUMMARY OF PROBABLE CAUSE

**Alfred Barquet's Criminal History**

I have reviewed court and law enforcement records related to Alfred Barquet's criminal history. Based on these records, I have determined that Barquet has been convicted of multiple felonies, including: *Unlawful Possession of a Firearm in the First Degree*, in King County Superior Court, under case number 18-1-06746-1, dated on or about August 16, 2019; *Bank Fraud*, in the United States District Court for the Western District of Washington, under case number CR13-330 JLR, dated on or about May 12,

Complaint - 3
*United States v. Barquet*
USAO No. 2026R00688

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2014; and *Unlawful Possession of a Firearm in the First Degree*, in King County Superior Court, under case number 06-1-00375-2, dated on or about December 22, 2006. According to the records, Barquet served sentences of more than 12 months on each of these cases.

**Barquet's Arrest on April 26, 2026**

On April 26, 2026, at approximately 11:30 a.m., Seattle Police Department Officers Soldati and Corcoran were conducting routine patrol in the area of Third Avenue and Prefontaine Place. They were driving a marked patrol vehicle and were in full uniform. Officer Soldati observed Alfred Barquet on foot. Officer Soldati was familiar with Barquet based on prior police contacts. Officer Soldati was also aware that Barquet had a fugitive warrant for his arrest issued out of the Washington County Circuit Court in Oregon. The warrant was extraditable from Washington State.

The officers contacted Barquet and placed him under arrest on the warrant. Officer Soldati asked Barquet if he had any weapons on his person, and Barquet answered in the affirmative. Officer Soldati then searched Barquet incident to arrest and recovered a firearm from his waistband. Officer Corcoran further searched Barquet's person and recovered a small bag containing approximately two grams of methamphetamine.

The firearm seized from Barquet's waistband was a Para Hi Cap Warthog .45 caliber semiautomatic pistol. The firearm was loaded with nine rounds of ammunition and had an additional round in the chamber. There was a piece of black electrical tape placed over the firearm's serial number. Upon removing the tape, the officers saw that the serial number had been obliterated with a sharp tool. The only digits that were visible were "P139 . . ." with the rest of the serial number being illegible/destroyed.

**Interstate Nexus for the Firearm**

On or about May 21, 2026, ATF SA Brian Arnold, a certified Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture, examined photographs of the pistol removed

Complaint - 4
*United States v. Barquet*
USAO No. 2026R00688

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

from Barquet's person on April 26, 2026. SA Arnold was also provided descriptions of the firearm. SA Arnold provided a preliminary determination that the pistol was not manufactured in Washington State. Moreover, based upon his experience, knowledge, and research, he opined that the pistol meets the definition of a "firearm" under Title 18, United States Code, Section 921(a)(3). Furthermore, it is SA Arnold's opinion that, because the pistol was not manufactured in Washington State, it therefore must have traveled in, and thereby affected, interstate commerce if it was received or possessed in Washington State.

Based on the foregoing, I respectfully submit that there is probable cause to believe that ALFRED BARQUET committed the offenses alleged in this Complaint.

Greg Tomlinson, Complainant,
Detective, Seattle Police Department

The above-named law enforcement officer provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on this day. Based on the Complaint and the sworn statement, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 22nd day of May, 2026.

THE HONORABLE S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 5
*United States v. Barquet*
USAO No. 2026R00688

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970